OPINION OF THE COURT Louis P. Gigliotti, S. On July 23, 2013, this court issued a decree admitting to probate the last will and testament of Philip E. Burkart, Sr., dated December 30, 1971 and granted letters of administration C.T.A. to one of decedent’s children, Philip E. Burkart, Jr. (hereinafter Philip). On January 4, 2016, Karen Burkart and Donna Burkart (also known as Donna Burkart-Herbert), daughters of decedent and named beneficiaries in his will, filed a petition to compel an accounting by Philip. On February 9, 2016, which was the return date on the daughters’ citation, Philip filed a new petition seeking to admit to probate a more recent last will and testament signed by decedent on January 15, 2008. This later will nominated Philip as the executor and named him the sole beneficiary. Philip also filed a petition for judicial settlement of account as executor of his father’s estate. A citation issued to the daughters, since at that time, the later will was not admitted to probate.* The daughters filed objections to the accounting on March 30, 2016. The daughters, as distributees of decedent, were served with process relative to the second probate petition. Pursuant to SCPA 1404, they requested an opportunity to examine the attesting witnesses to the later will. Said examination was held in the courtroom on July 26, 2016 and August 29, 2016. During a courtroom appearance on June 30, 2017, counsel for the daughters confirmed on the record that they would not be filing objections to the probate of the later will. As such, on this same date, the court issued a decree admitting the later will to probate and awarded letters testamentary to Philip. By letter dated July 25, 2017 from the Principal Court Attorney, the court advised counsel for the daughters that it was inclined to dismiss the daughters’ objections to Philip’s accounting because they were no longer beneficiaries of the estate and therefore lacked standing under SCPA 2210. Before doing so, however, counsel was afforded an opportunity to respond. Counsel did so by way of letter dated August 18, 2017. He argued that the daughters, in their capacity as distributees, have standing to compel an accounting pursuant to SCPA 2205. As such, they should be allowed to participate in the accounting proceeding and pursue their objections. The court does not read SCPA 2205 in this same way. Subdivision (2) of this statute identifies who may file a petition to compel an accounting, and distributees are not specifically identified. While a “person interested” can file such a petition pursuant to SCPA 2205 (2) (b), this term is defined in SCPA 103 (39) to include “[a]ny person entitled or allegedly entitled to share as beneficiary in the estate.” The daughters do not fall within this definition pursuant to the terms of the later will admitted to probate. Finding the daughters lack standing in the accounting proceeding, it is hereby ordered that the daughters’ objections filed March 30, 2016 are dismissed; and it is further ordered that counsel for Philip is to submit a proposed decree in connection with the accounting. The citation was also issued to St. Joseph’s Hospital as a creditor of the estate, and the New York State Department of Taxation and Finance. St. Joseph’s Hospital did not appear on the citation return date and is deemed to have consented to the contents of the accounting. The New York State Department of Taxation and Finance filed a waiver and consent to the accounting on April 4, 2016.